UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| KENTUCKY NAT'L INS. CO. as subrogee of Joey Burchett and Vickie Patrick, | ) ) ) ) | Civil Action No. 7: 05-130-DCR |
| Plaintiff, | ) ) | |
| V. | ) ) | **MEMORANDUM OPINION** |
| W.M. BARR & CO., INC., et al., | ) ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court for consideration of a motion to dismiss filed by the Defendant Lowe's Home Centers, Inc. ("Lowe's"). [Record No. 18] Lowe's seeks to dismiss claims brought against it relating to an allegedly defective stripping gel sold at its stores and manufactured by Defendant W.M. Barr & Co., Inc. Lowe's claims that it is entitled to "middleman immunity" under Kentucky law. The Plaintiff has not responded to the motion (or filed a motion for an extension of time) within the time allowed by the Local Rules. For the reasons discussed below, the Court will grant the Defendant's motion.

**I.    BACKGROUND**

Plaintiff's Amended Complaint alleges that the insured purchased Citistrip Paint and Varnish Stripping Gel at a Lowe's store in Paintsville, Kentucky. Plaintiff claims that the gel was used properly at the insured's home on April 26, 2003. However, when leaving for a lunch

break, the insured apparently left gel-soaked rags on the floor. Upon returning, the insured discovered that the house was on fire.

## II.      LEGAL STANDARD

The Defendants' motions are brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure which allows a defendant to move for dismissal of a complaint if it fails to state a claim upon which relief can be granted. When analyzing the sufficiency of a complaint, the court applies the principle that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). Courts must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Lillard*, 76 F.3d at 724 (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994)).

While the complaint need not specify every detail of a plaintiff's claim, it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Gazette*, 41 F.3d at 1064. While liberal, this standard of review does require more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2000) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

### III.   ANALYSIS

As a federal court sitting in diversity jurisdiction, the Court must apply the law of this state. Lowe's claims that the Kentucky Middleman Statute, K.R.S. § 411.340, forecloses any liability against it. That statute provides that:

> In any product liability action, if the manufacturer is identified and subject to the jurisdiction of the court, a wholesaler, distributor, or retailer who distributes or sells a product, upon his showing by a preponderance of the evidence that said product was sold by him in its original manufactured condition or package, or in the same condition such product was in when received by said wholesaler, distributor or retailer, shall not be liable to the plaintiff for damages arising solely from the distribution or sale of such product, unless such wholesaler, distributor or retailer, breached an express warranty or knew or should have known at the time of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer.

K.R.S. § 411.340. The purpose of the statute is to "protect those who merely sell the products." *Parker v. Henry A. Petter Supply Co.*, --- S.W.3d ---, 2005 WL 736249 at *2, (Ky. App. April 1, 2005).

As noted by Lowe's, the Plaintiff's Amended Complaint does not make any allegations that: (1) the product was sold in an altered condition or package; (2) Lowe's provided or breached any express warranty; or (3) that Lowe's knew or should have known that the product was in a defective condition or unreasonably dangerous to the consumer. If the "distributors knew or should have known the product was defective or 'unreasonably dangerous to the user or consumer,'" middleman immunity may not apply. *Funk v. Wagner Machinery, Inc.*, 710 S.W.2d 860, 862 (Ky. App. 1986). Plaintiff's Amended Complaint, however, does not allege such facts. Thus, Plaintiff's Amended Complaint does not allege facts sufficient to remove Lowe's from the protection of Kentucky's Middleman Statute.

Further, the motion to dismiss was filed on June 7, 2005. Joint Local Rule 7.1 requires the party opposing a motion to file a response within 15 days. The rule provides that failure to file an opposition may be grounds for granting the motion. The Plaintiff has missed the deadline to oppose the motion. Likewise, it has not filed a motion for an extension of time to respond. The Court has considered this fact in granting Lowe's motion. The Court has also reviewed the authorities cited in support of the motion, as discussed *supra*, and finds Lowe's position to be well-taken.

### IV.     CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** that Lowe's motion to dismiss [Record No. 18] is **GRANTED**.

This 1st day of July, 2005.

**Signed By:**
*Danny C. Reeves*   DCR
**United States District Judge**